CHARLES DREYER, PROSECUTOR, v. CITY COUNCIL OF THE CITY OF UNION CITY, DEFENDANT.

Submitted May term, 1926—Decided October 7, 1926.

**Municipalities—Ordinances—Auto Buses—Ordinance Alleged to be Without Statutory Authority and Unworkable—Ordinance Examined and Held Workable, and Not in Violation of Any Statute.**

On *certiorari.*

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *George L. Record.*

For the defendant, *J. Emil Walscheid.*

PER CURIAM.

A *certiorari* was allowed in this case to review the legality of an ordinance passed by the city council of the city of Union City, in the county of Hudson, passed March 2d, 1926.

The ordinance is entitled "An ordinance to regulate and license auto buses." The ordinance consists of thirty-three sections, to which is attached an elaborate schedule, providing for the times of the buses entering and leaving the city.

The prosecutor writes down three reasons for setting aside the ordinance: first and second, because the ordinance was passed in violation of the statute, and third, because the ordinance is unworkable and discriminatory and is an abuse of the discretion vested in the council.

We are unable to perceive wherein the ordinance is in violation of any statute under which the city is governed. Nor do we think the ordinance is an abuse of discretion vested in the council of the city. By the statute and by the very nature of the business conducted by the prosecutor, the city council must have a large discretion in controlling and regulating the business of auto buses, operating on the public streets of the city, for the safety and convenience of the traveling public. Our discussion of the reasonableness of an ordinance in case No. 271 of the present May term, 1926, is pertinent, although the case is not directly in point.

We are unable to see wherein the ordinance is illegal. The writ of *certiorari* is therefore dismissed.